# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAN ISTIK, | ) |
| Plaintiff, | ) |
| v. | ) 02: 07cv1468 |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER OF COURT

February 13, 2009

### I. Introduction

Plaintiff, Dan Istik, brought this action pursuant to 42 U.S.C. § 1383(c), for judicial review of the final determination of the Commissioner of Social Security ("Commissioner") which denied his application for supplemental security income ("SSI") under title XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 1381-1383(f).

### II. Background

#### A. Facts

Plaintiff was born on February 17, 1953, and is classified as an "individual closely approaching advanced age" pursuant to 20 C.F.R. § 416.963. (R. at 19.) He has the equivalent of a high school education and has no past relevant work experience. (R. at 19.)

Plaintiff alleges disability as of January 1, 2003, due to hepatitis C, tuberculosis, arthritis of the spine, neck, and right shoulder, and a cataract in his right eye. The record reflects

1

that Plaintiff has not engaged in substantial gainful work activity since July 12, 2005, when he protectively filed for SSI.

### B.     Procedural History

Plaintiff filed an application for SSI on July 12, 2005, in which he claimed total disability since January 1, 2003.  An administrative hearing was held on April 25, 2007, before Administrative Law Judge Elliott Bunce ("ALJ").  Plaintiff was represented by counsel and testified at the hearing. William Houston Reed, Ph.D., an impartial vocational expert, also testified at the hearing.

On July 12, 2007, the ALJ rendered an unfavorable decision and found plaintiff not disabled.  The ALJ found that Plaintiff's hepatitis C, tuberculosis, arthritis of the spine, neck, and right shoulder, and the cataract in his right eye did not meet or medically equal the criteria of an impairment listed in Appendix 1 (20 C.F.R. 416.920(d). (R. at 15.)  The ALJ determined that Plaintiff retained "the residual functional capacity to perform work that does not require: exertion above the light level; or more than occasional climbing, balancing, stooping, kneeling, crouching, or crawling; or more than simple, routine, repetitious tasks, with one- or two-step instructions; or strict production quotas; or more than occasional contact with coworkers, supervisors, or the public" and, therefore, was not "disabled" within the meaning of the Act. (R. at 16.)

The ALJ's decision became the final decision of the Commissioner on August 31, 2007, when the Appeals Council denied Plaintiff's request to review the decision of the ALJ.

On November 5, 2007, Plaintiff filed his Complaint in this Court in which he seeks judicial review of the decision of the ALJ.  The parties have filed cross-motions for summary

judgment. Plaintiff contends that the ALJ failed to take into consideration that he was only seven months shy of the next age category in the Medical Vocational Guidelines ("the Grids") and that the ALJ, despite this borderline situation, mechanically applied the Grids. The Commissioner contends that the decision of the ALJ should be affirmed as it is supported by substantial evidence.

After a careful review of the entire record, the Court finds that the ALJ failed to address or consider the borderline grid situation present in Plaintiff's case and, therefore, will remand the matter to the Commissioner for reconsideration, rehearing, and/or further proceedings consistent with this Memorandum Opinion. 42 U.S.C. § 405(g); *Benton v. Bowen*, 820 F.2d 85, 89 (3d Cir. 1987).

### III. Legal Analysis

#### A. Standard of Review

The Act limits judicial review of disability claims to the Commissioner's final decision. 42 U.S.C. §§ 405(g)/1383(c)(3). If the Commissioner's finding is supported by substantial evidence, it is conclusive and must be affirmed by the Court. 42 U.S.C. § 405(g); *Schaudeck v. Comm'n of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). The Supreme Court has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389 (1971); *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). It consists of more than a scintilla of evidence, but less than a preponderance. *Stunkard v. Secretary of Health & Human Servs.*, 841 F.2d 57, 59 (3d Cir. 1988).

When resolving the issue of whether an adult claimant is or is not disabled, the Commissioner utilizes a five-step sequential evaluation. 20 C.F.R. §§ 404.1520 and 416.920 (1995). This process requires the Commissioner to consider, in sequence, whether a claimant (1) is working, (2) has a severe impairment, (3) has an impairment that meets or equals the requirements of a list impairment, (4) can return to his or her past relevant work, and (5) if not, whether he or she can perform other work. *See* 42 U.S.C. § 404.1520; *Burnett v. Commissioner of Social Security*, 220 F.3d 112, 118-19 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999)).

To qualify for disability benefits under the Act, a claimant must demonstrate that there is some "medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period." *Kangas v. Bowen*, 823 F.2d 775, 777 (3d Cir. 1987); 42 U.S.C. § 423 (d)(1) (1982). This may be done in two ways:

> (1) by introducing medical evidence that the claimant is disabled *per se* because he or she suffers from one or more of a number of serious impairments delineated in 20 C.F.R. Regulations No. 4, Subpt. P, Appendix 1. *See Heckler v. Campbell*, 461 U.S. 458 (1953); *Stunkard*, 841 F.2d at 59; *Kangas*, 823 F.2d at 777; or,

> (2) in the event that claimant suffers from a less severe impairment, by demonstrating that he or she is nevertheless unable to engage in "any other kind of substantial gainful work which exists in the national economy . . . ." *Campbell*, 461 U.S. at 461 (citing 42 U.S.C. § 423 (d)(2)(A)).

In order to prove disability under the second method, a claimant must first demonstrate the existence of a medically determinable disability that precludes Plaintiff from returning to his or her former job. *Stunkard*, 841 F.2d at 59; *Kangas*, 823 F.2d at 777. Once it is shown that claimant is unable to resume his or her previous employment, the burden shifts to the Commissioner to prove that, given claimant's mental or physical limitations, age, education and

work experience, he or she is able to perform substantial gainful activity in jobs available in the national economy. *Stunkard*, 842 F.2d at 59; *Kangas*, 823 F.2d at 777; *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986); *Rossi v. Califano*, 602 F.2d 55, 57 (3d Cir. 1979).

Where a claimant has multiple impairments which may not individually reach the level of severity necessary to qualify any one impairment for Listed Impairment status, the Commissioner nevertheless must consider all of the impairments in combination to determine whether, collectively, they meet or equal the severity of a Listed Impairment. *Bailey v. Sullivan*, 885 F.2d 52 (3d Cir. 1989) ("in determining an individual's eligibility for benefits, the Secretary shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity.").

In this case, the ALJ determined that Plaintiff was not disabled within the meaning of the Act at the fifth step of the sequential evaluation process. In making this determination, the ALJ concluded that with vocational adjustment to work there are a significant number of jobs in the national economy that Plaintiff could perform. (R. at 19.)

**B.     Discussion**

As set forth in the Act and applicable case law, this Court may not undertake a de novo review of the Commissioner's decision or re-weigh the evidence of record. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190 (3d Cir. 1986), *cert. denied.*, 482 U.S. 905 (1987). The Court must simply review the findings and conclusions of the ALJ to determine whether they are supported by substantial evidence. 42 U.S.C. § 405(g); *Schaudeck v. Comm'n of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999).

*In making its decision to deny benefits, the ALJ did not consider the possibility of a borderline situation, when the Plaintiff was only seven months from the next age category in the Grids.*

Plaintiff argues that the ALJ failed to give individualized consideration to Plaintiff's age in making the determination that Plaintiff was not disabled; that is, that the ALJ mechanically applied the Grids without consideration of the borderline situation presented by his case. When making a disability determination, the ALJ must consider the claimant's chronological age in combination with his/her residual functional capacity, education, and work experience. Under the Grids, claimants are placed in one of the following age categories: (i) younger person (under 50), (ii) person closely approaching advanced age (50-54), or (iii) persons of advanced age (55 and over). 20 C.F.R. 416.963. In a situation such the case sub judice, where Plaintiff has a limited history of unskilled work and his residual functional capacity is limited to light work, chronological age limits vocational adaptability considerably as each age category classifies these factors differently. *Id.*

The Regulations caution against a mechanical application of the Grids in the determination of vocational adaptability. Section 404.1563(b) provides, in pertinent part:

> [w]e will use each of the age categories that applies to you during the period for which we must determine if you are disabled. We will not apply the age categories mechanically in a borderline situation. If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case.

If the ALJ mechanically applies the age category as warned against in Section 404.1563(b), and if a borderline analysis could change the ALJ's determination of disability, the matter must be remanded for further consideration. *Kane v. Heckler*, 776 F.2d 1130, 1134 (3d Cir. 1985).

No judicially crafted rules or regulations exist to determine when a borderline situation is present. Without much guidance, district courts within the Third Circuit have

yielded different conclusions on this issue. *See Ludvico v. Astrue*, No. 08-322, 2008 WL 5134938,*11 (W.D.Pa. Dec. 5, 2008) ("Nine months appears to represent the outer perimeter of what constitutes a borderline case in the District Courts of the Third Circuit.") (citing *Rosado v. Bowen*, 1986 WL 15004, *4 (E.D.Pa. Dec. 30, 1986)); *Bennett v. Sullivan*, No. 89-1907, 1990 WL 122912, *5 (E.D.Pa. Aug. 21, 1990) ("several courts have concluded that, where a person is within one year of the next age category, individualized consideration must be given to whether he should be treated as a member of the next age category in determining the extent of his vocational adaptability.") (citing *Ford v. Heckler*, 572 F.Supp. 992, 994 (E.D.N.C. 1983); *Hillard v. Schweiker*, 563 F.Supp. 99 (D.Mont. 1983)).

Numerous courts in the Third Circuit, including our appellate court, have found borderline situations when the plaintiff is only a couple of months away from the next age category. *See Lucas v. Barnhart*, 184 Fed.Appx. 204 (3d Cir. 2006) (holding that 106 days is borderline); *Kane*, 776 F.2d at 1134 (finding 48 days clearly creates a borderline situation); *Ludvico*, 2008 WL 5134938 at *11 (finding five months constitutes a borderline situation); *Bennett*, 1990 WL 122912 at *5 (holding ten months was borderline); *Williams v. Bowen*, 1987 WL 9148, *2 (E.D.Pa. April 6, 1987) (seven months considered borderline).

Moreover, this line of reasoning is not limited to decisions rendered within our Circuit. *See Cox v. Apfel*, 1998 WL 864118, at *4 (10th Cir. Dec. 14, 1998) ("because plaintiff was within six months of the age category . . . at the time the ALJ issued his decision, he erred by not addressing whether plaintiff was of borderline age before choosing a rule from the grids."); *Fosha v. Barnhart*, 372 F.Supp.2d 948, 955 (S.D.Tex. 2005) (ALJ must considered a borderline situation when Plaintiff is seven months away from the next age category); *Smith v. Barnhart*, 2002 WL 126107, at *24 (N.D.Ill. Jan. 31, 2002) (finding six months is a borderline

situation); *Tousignant v. Apfel*, 1998 WL 142415, at *5 (N.D.Ill. Mar. 26, 1998) (ten months is borderline); *Howard v. Bowen*, 638 F.Supp. 68, 72 n.4 (D.D.C. 1986) (eight months is borderline).

In the instant case, at the time the ALJ determined that Plaintiff was not disabled, Plaintiff was only seven months shy of his fiftieth-fifth birthday, at which time he would be considered a "person of advanced age" under the Grid instead of a "person approaching advanced age." As noted *supra,* courts have not determined a brightline rule for the determination of a borderline situation. However, the Court finds that there is extensive persuasive authority to find that the ALJ should have given consideration to the borderline situation presented in this case.

Such an analysis could have changed the determination made by the ALJ. A person of "advanced age" who has a history of unskilled work, in conjunction with a residual functional capacity of limited to light work, is typically considered totally disabled; on the other hand, under the "approaching advanced age category" the same factors can result in a finding of not disabled. 20 C.F.R. Part 404, Subpart P, Appendix 2, § 202.00(c). Other than the mere mention of Plaintiff's date of birth and age, it appears that the ALJ failed to consider that Plaintiff was only seven months shy of being classified as a "person of advanced age." (*See* R. at 19, 451, 475.) After consideration of the entire record in this case, the Court concludes that a borderline analysis could have changed the determination of not disabled in this case and the ALJ's failure to address that issue was error. *See Kane v. Heckler*, 776 F.3d 1130, 1134 (3d Cir. 1985) (holding that if the ALJ does not properly apply the Grids, and if proper application could change the ALJ's determination, the matter must be remanded). Thus, the Court remands this case for further consideration and/or proceedings by the Commissioner.

IV.     **Conclusion**

When reviewing a decision of the Commissioner to deny SSI, it is not the function of this Court to substitute its judgment for that of the Commissioner. The Commissioner's decision in the present case may otherwise be correct and nothing in this Memorandum Opinion should be taken to suggest that the Court has presently concluded otherwise. However, in the absence of sufficient indication that the ALJ considered *all* the evidence, including consideration of the borderline situation presented as the Plaintiff was only seven months away from the next age category in the Grids, the Court cannot satisfy its obligation to determine whether or not the Commissioner's decision is supported by substantial evidence. Accordingly, this case will be remanded to the Commissioner for further consideration and/or proceedings consistent with this Memorandum Opinion.

An appropriate order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAN ISTIK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 02: 07cv1468 |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER OF COURT

**AND NOW**, this 13th day of February, 2009, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED**, **ADJUDGED, AND DECREED** that:

1. The Motion for Summary Judgment filed by Plaintiff, Dan Istik, is **GRANTED**;

2. The Motion for Summary Judgment filed by Defendant, Michael J. Astrue, Commissioner of Social Security is **DENIED**;

3. This case is **REMANDED** to the Commissioner for further consideration and/or proceedings consistent with the foregoing Memorandum Opinion of the Court; and

4. The Clerk shall docket this case closed forthwith.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: Karl E. Osterhout, Esquire
Paul Kovac, Esquire